The opinion of the Court was delivered by
WITHERS, J.
The leading question in this case is, can one tenant in common become the landlord of another, by way of lease and exercise the right of distress. Without- resorting to authority more remote, we find in Croke James, p. 611, the case of Snelgar v. Henston, which adjudged the question in the *27 affirmative. Those parties were tenants in common for a term of years, and Henston assigned to Snelgar, and distrained ; “ and it was demurred, (says the book) whether one tenant in common may distrain upon the other ; and adjudged that it might be, where he comes in under the lessee: and the distress may be taken in any part of the land; wherefore the defendant had retorn,” etc.
This case is cited by several authors of respectable authority, treating upon the subject to which it refers, and we are not at liberty to discard it, when there does not occur any reason to say, (it being clear that one tenant in common may assign to another any interest he has on stipulated terms), that the assignor, bearing the relation of landlord, shall be debarred the most material incident belonging to that character. The right of distress was affirmed in this case, notwithstanding the whole term of the avowant had been transferred by him to his co-tenants, which left no reversion in the grantor. In the present state of the law, as represented by Platt on Leases, (vide.vol. 1, pp. 1 — 20), this might be a very serious objection to the right of distress — or rather, to the proposition, that a lease could arise out of such a transaction; or rent, within the meaning of statutes regulating the relations of landlord and tenant — and this, too, whether the contract be in writing and strictly formal, or by parol. Such difficulty, however, does not enter into our present case, for the whole term here was not granted, and therefore a reversion remained,- which is enough to answer the most stringent definition of a lease, so far as that element of one is required.
We think, then, there was error in the ruling upon circuit that there was not the relation of landlord and tenant between these parties, and the right of distress incident thereto.
The plaintiff in replevin has declared for a parcel of goods which he alleges to be the property of others; nor does he allege the same to have been taken out of his possession. Now although this is not good cause of demurrer, seeing *28 that the plaintiff has averred the taking of other goods the property whereof is alleged to he in himself, yet as the matter now stands he declares for damages for the unlawful taking of another’s goods, which is inadmissible — the more palpably when he replevies them. He may not wage this contest for the benefit of a stranger, who has his own apt remedy provided a wrong has been visited upon him. The plaintiff must, therefore, amend, by averring that the goods alleged to be those of Jordan and Brogden are his own, or that they were taken from his possession. The one or the other is obviously necessary, since this action is in the nature of trespass, and it can be no trespass upon him to take another’s goods unless his possession has been unlawfully violated.
O’Neall, WaRdlaw, Whither, Glover and Muhro, JJ., concurred.

Motion granted.